Jan L. Kahn SBN 55788
Michael J. Noland SBN 82537
KAHN, SOARES & CONWAY, LLP
219 N. Douty Street
Hanford, California 93230
Telephone:    (559) 584-3337
Facsimile:    (559) 584-3348

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF HAWORTH | Case No.  1:06-CV-1036-AWI |
| Plaintiff, | **STIPULATED JUDGMENT** |
| vs. | |
| ARSHI MALDE | |
| Defendant. | |

The parties filed the following stipulation for judgment:

On or about October 31, 2007, the parties agreed to and entered into the Release and Settlement Agreement ("Settlement Agreement"), which is incorporated fully herein by this reference and attached hereto as Exhibit "A".   {Exhibit A appears in the Court's docket as part of the stipulation.}

Pursuant to the terms of the Settlement Agreement, the parties, individually and on behalf of their heirs, executors, administrators and agents, hereby stipulate and agree that judgment shall be entered as follows:

1. Defendant shall cause to be paid to Plaintiff the total sum of $9,465.37, paid as follows:
    a. Three thousand dollars and No/100 ($3,000.00) on or before November 1, 2007; and

      b.  One thousand dollars and No/100 ($1,000.00) on or before the first day of each succeeding month until paid in full.

2. All checks, in sums set forth herein above, shall be made payable to "Thomas N. Stewart, III client trust account".

3. In the event that any payment is made after the dates set forth herein above, notice of such late payment shall be faxed to attorney, Jan L. Kahn, of Kahn, Soares & Conway, LLP, and five (5) days after such notice, the entire balance shall become due and payable.

4. The property at issue in the above-entitled matter is the Marco Polo Motel, located at 4545 West Nobel, Visalia, California (the "Motel").  Defendant is the title owner of the Motel.

5. Within 18 months of the Settlement Agreement, on or before May 31, 2009, Defendant shall make all of the modifications to the Motel which are recommended in the Report of Kim R. Blackseth (disclosed as a part of Plaintiff's Disclosure of Experts in the above-entitled matter),

6. Not withstanding paragraph 5 herein, Defendant is not required to increase clearances in the restroom of the accessible room by moving partition walls.  The parties hereby agree that it is not readily achievable for Defendant to move the partition walls.

7. Defendant shall provide written notice of completion of all modifications to the Motel required hereby, immediately upon completion of the work.

8. Plaintiff shall hold Defendant harmless from the indemnity claims of any others who have paid or will pay money on account of Plaintiff's injuries in connection with the above-entitled action.

9. All terms and conditions of the Settlement Agreement shall be incorporated into this Stipulated Judgment and enforceable as set forth herein.

10. The parties stipulate that the Court shall retain jurisdiction to enforce the Settlement Agreement and this Stipulated Judgment.

11. In the event that there is a conflict between this Stipulated Judgment and the Settlement Agreement, the terms and conditions of the Settlement Agreement shall control.

Dated: _____, 2007          _____/s/ Jeff Haworth___
                                              JEFF HAWORTH, Plaintiff

Dated: _____, 2007              _____/s/ Arshi Malde_____
                                              ARSHI MALDE, Defendant

APPROVED AS TO FORM AND CONTENT

LAW OFFICES OF THOMAS N. STEWART, III

Dated: _____, 2007          By: _____/s/ Thomas N. Stewart, III_____
                                     Thomas N. Stewart, III, Attorney
                                     for Plaintiff, JEFF HAWORTH

KAHN, SOARES & CONWAY, LLP

Dated: _____, 2007          By: _____/s/ Jan L. Kahn_____
                                     Jan L. Kahn, Attorneys for
                                     Defendant, ARSHI MALDE

**ORDER**

The stipulated judgment set forth above is hereby approved and shall constitute the order of this court. The hearing set for October 14, 2008 is VACATED. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

**Dated:   October 8, 2008**               _____/s/ Anthony W. Ishii_____
                                           CHIEF UNITED STATES DISTRICT JUDGE